### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) PUMPSTAR, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-08-106-R |
| ) | |
| **(1) USA PUMP CO., L.L.C.,** ) | |
| **(2) ROGER CAMPAGNOLO,** ) | |
| **(3) RONALD RICCARDI,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Plaintiff has sued Defendant USA Pump Co., L.L.C., a Florida limited liability company having its principal place of business in Tickfaw, Louisiana, as assignee of a Financing Agreement between CIT Group/Equipment Financing, Inc. and Defendant USA Pump Co., L.L.C. on which Defendant USA Pump Co. allegedly defaulted. Defendants Roger Campagnolo and Ronald Riccardi guaranteed USA Pump Co's obligations to CIT Group/Equipment Financing, Inc. Plaintiff alleges in its complaint that as a result of USA Pump's default, it was required to pay the CIT Group's assignee Wells Fargo and now seeks to recover from Defendants such amount and additional consequential and special damages being incurred as the assignee of Wells Fargo's rights and claims. Plaintiff as the assignee of a Master Security Agreement between CIT Group and USA Pump and the assignee of security interests in certain equipment owned by USA Pump also seeks immediate possession of same and foreclosure of its security interest to satisfy sums owed to it as a result of Pump USA's default on the Financing Agreement.

Defendants have filed a motion to dismiss for lack of personal jurisdiction and improper

venue [Doc. No. 16], asserting that they lack sufficient contacts with the State of Oklahoma to permit the assertion of jurisdiction over them. Although Defendants address where USA Pump's negotiation for and purchase of equipment from Plaintiff took place (in Florida and Georgia), Roger Campagnola and Ronald Riccardi, the individual Defendants and the sole owners of the Defendant USA Pump, have submitted affidavits in which they state as follows:

> 6. The purchase of the trucks and concrete pumps was accomplished by virtue of a financing agreement ("Financing Agreement") between USA Pump Co. and CIT Group/Equipment Financing, Inc. ("CIT"). The financing Agreement is the instrument upon which Pumpstar seeks recovery in this action.
>
> 7. The documents reflecting the Financing Agreement between USA Pump Co. and CIT are attached as Exhibit 1 to Pumpstar's complaint filed herein. All communications and negotiations of the Financing Agreement were conducted by me in Florida with CIT representatives whom I understand were located in Tempe, Arizona. The Financing Agreement was drafted to include specific addendums and references to Louisiana law. To the best of my knowledge, none of the communications or negotiations relating to the Financing Agreement was conducted in Oklahoma.
>
> 8. The Financing agreement was assigned by CIT to Wells Fargo Equipment Financing, Inc. ("Wells Fargo"). All payments toward satisfaction of the obligations under the Financing Agreement were made by USA Pump Co. from its offices in Louisiana or from Florida to Wells Fargo or CIT in Tempe, Arizona. No payments were made to any address within the State of Oklahoma.
>
>> Affidavit of Roger Campagnolo (Exhibit "A" to Motion to Dismiss) at paragraphs 6, 7 and 8; see Affidavit of Ronald Riccardi (Exhibit "B" to Motion to Dismiss) at paragraph 6, 7 and 8.

Plaintiff in response and in surreply relies on documents such as the "Terms and Conditions of Sale" accompanying its invoices and Order Confirmations relating to the underlying purchase transaction between Pumpstar, Inc. and USA Pump Co., L.L.C. to argue that Defendants agreed to suit in Oklahoma under forum selection clauses contained in those documents. But as Defendants point out and is evident from the Complaint, Plaintiff is not suing for breach of the purchase agreements between Plaintiff and USA Pump; rather, Plaintiff is suing as the ultimate assignee

under a Financing Agreement between CIT Group and USA Pump and as the assignee of security interests in equipment granted by USA Pump to CIT Group pursuant to a Master Security Agreement.

Defendants have submitted evidence that all communications and negotiations relating to the Financing Agreement took place between Roger Campagnolo in Florida and CIT representatives located in Tempe, Arizona and that none of the communications or negotiations was conducted in Oklahoma. Defendants have further submitted evidence that all payments made by USA Pump of its obligations under the Financing Agreement were made from its offices in Louisiana or Florida to CIT Group or Wells Fargo in Tempe, Arizona. Plaintiff has offered no evidence to controvert this and no evidence that Plaintiff's claims predicated on the Financing Agreement and the Master Security Agreement arise out of or relate to activities of the Defendants purposefully directed at residents of Oklahoma or by which they purposefully availed themselves of the privilege of doing business in Oklahoma. See, e.g., AST Sports Science, Inc. v. CLF Distribution Ltd., 514 F.3d 1054, 1057-58 (10th Cir. 2008). The Financing Agreement and Master Security Agreement do not contain forum selection clauses. Plaintiff concedes that there is no basis for the assertion of general jurisdiction. Upon a motion to dismiss for lack of in personam jurisdiction, it is Plaintiff's burden to establish a prima facie showing of personal jurisdiction. Id at 1056-57. It has not done so. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction [Doc. No. 16] is GRANTED and Plaintiff's Complaint is DISMISSED. The Court finds it unnecessary to reach the issue of venue.

IT IS SO ORDERED this 28th day of April, 2008.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE